FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | CR11  187 M |
| : | |
| v. : | Violation of Title 18, |
| : | United States Code, Sections |
| : | 1343 and 2; Title 26 |
| MARIO PERRETTA. : | United States Code, Section 7201 |

## INFORMATION

The United States Attorney charges that:

### COUNTS 1 - 8

#### A. Introduction

At all times material to this Information:

1. M & M Ironworks LLC ("M & M"), was a limited liability corporation incorporated in Rhode Island. The corporation operated in the construction industry, primarily fabricating structural steel and metals for buildings.

2. Defendant, MARIO PERRETTA, was President of M & M.

#### B. The Scheme

3. During the period from at least on or about April 1, 2008, through on or about December 31, 2009, in the District of Rhode Island and elsewhere, defendant, MARIO PERRETTA, knowingly and intentionally devised a scheme and artifice to defraud investors in M & M and to obtain money and property from investors in M & M by means of false and fraudulent pretenses, representations and promises.

## C. Manner and Means

4. It was part of the scheme and artifice to defraud that defendant, MARIO PERRETTA, induced individuals to invest monies in M & M by falsely and fraudulently representing that his company was involved in construction projects for which it needed financing.

5. It was further part of the scheme and artifice to defraud that defendant, MARIO PERRETTA, induced individuals to invest monies in M & M by representing that he was unable to obtain conventional financing and falsely and fraudulently representing that he and his father, who worked at M & M, had obtained mortgages on their homes in order to raise funds. In fact, defendant, MARIO PERRETTA, was renting a house and using investor funds to pay his rent.

6. It was further part of the scheme and artifice to defraud that defendant, MARIO PERRETTA, induced individuals to invest monies in M & M by providing them with promissory notes in which he falsely and fraudulent represented that the investors would be reimbursed for their investment and receive a high rate of return.

7. It was further part of the scheme and artifice to defraud that defendant, MARIO PERRETTA, induced individuals to provide him with cash investments in M & M by falsely and fraudulently representing to them that the company was in dire need of immediate cash infusions in order to continue operations.

8. It was further part of the scheme and artifice to defraud that defendant, MARIO PERRETTA, hired an individual, referred to as SB, to recruit investors in M & M and provided SB with false and fraudulent information regarding projects that the company was involved in so that investors would be induced to provide monies to M & M.

9. It was further part of the scheme and artifice to defraud that defendant, MARIO PERRETTA, induced one investor, referred to as RP, to invest in M & M and recruit other investors for M & M by providing RP with false and fraudulent information regarding projects that the company was involved in so that investors would be induced to provide monies to M & M.

10. It was further part of the scheme and artifice to defraud that defendant, MARIO PERRETTA, falsely and fraudulently represented to SB, RP, and other investors known to the United States Attorney, that M & M had contracts for work on projects, when in fact, defendant, MARIO PERRETTA, there and well knew that such projects were not viable because they did not exist and could not be executed because defendant, MARIO PERRETTA, was using a great majority of investor funds for his personal expenses and not to fund the M & M's projects as represented to investors, including falsely and fraudulently representing that he had contracts for the following projects:

    a. a project with MGM Grand at Foxwoods Resort and Casino, located in Mashantucket CT;

    b. a project to build an YMCA in Martha's Vineyard, MA.

11. It was further part of the scheme and artifice to defraud that defendant, MARIO PERRETTA, falsely and fraudulently represented to SB, RP, and other investors known to the United States Attorney, that their investment with M & M would be safe because the construction projects were insured.

12. It was further part of the scheme and artifice to defraud that investors would contact defendant, MARIO PERRETTA, inquiring about overdue payments on their investments and defendant, MARIO PERRETTA, would routinely provide the investors with false and fraudulent excuses for his failure to make payments on the investments in order to keep the investors placated while defendant, MARIO PERRETTA, continued to use investor funds to finance his personal expenses, including excuses such as:

  a. funds for reimbursement on completed projects were held up by third parties; and,

  b. funds were forthcoming on non-existent bond claims.

13. It was further part of the scheme and artifice to defraud that from April 1, 2008, through on or about December 31, 2009, defendant, MARIO PERRETTA obtained approximately $4.2 million from investors. During that same period defendant, MARIO PERRETTA, reimbursed investors in the approximate amount of $453,000. During that same period, defendant, MARIO PERRETTA, used investor funds for his own personal expenses, including but not limited to:

  a. purchasing of BMW X5 Sports Utility Vehicle;

  b. funding his spouse's beauty salon located in Westerly, RI;

  c. paying his monthly rental payments in the amount of $3,500 and purchasing home furnishings;

  d. financing routine gambling visits to Foxwoods Resort Casino and Mohegan Sun and purchasing tickets for entertainment events;

e. paying approximately $56,000 in mortgage payments on his father's home; and

f. obtaining cash from M & M's business accounts by cashing checks and withdrawing funds from Automatic Teller Machines.

### D. Execution of the Scheme

14. On or about the dates set forth below for each count, in the District of Rhode Island and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud, defendant, MARIO PERRETTA, knowingly transmitted and caused to be transmitted in interstate commerce signs, signals, and sounds, according to the directions thereon, that is, wire transfers to M & M bank accounts, from the accounts of individuals falsely and fraudulently induced by defendant, MARIO PERRETTA, to invest monies in M & M, as follows:

| **Count** | **Date** | **Investor** | **Amount** |
|---|---|---|---|
| 1 | 6/20/08 | RP/VIP Insurance | $79,000 |
| 2 | 7/22/08 | EH/Bonded Life Co. | $100,000 |
| 3 | 8/26/08 | EH/Bonded Life Co. | $50,000 |
| 4 | 11/26/08 | CC | $10,000 |
| 5. | 12/5/08 | MM | $100,000 |
| 6. | 2/18/09 | JP/Diamond Group | $70,000 |
| 7. | 2/20/09 | JP | $114,900 |
| 8 | 7/29/09 | BT/Fusion Steel | $93,000 |

All in violation of 18 U.S.C. §§ 1343 and 2.

5

## COUNT 9

During the calendar year 2008, defendant, MARIO PERRETTA, a resident of Rhode Island had and received taxable income in the sum of approximately $339,173. Upon that taxable income there was owing to the United States of America an income tax of approximately $90,656. Well knowing and believing the foregoing facts, and failing to make an income tax return on or before April 15, 2009 as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, defendant, MARIO PERRETTA, in the District of Rhode Island did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2008 by: (1) causing certain investors in M & M to provide him with cash as a form of investment in M & M; (2) cashing checks from investors that were payable to M & M; (3) inducing third parties to cash checks from M & M payable to the third parties and providing the cash to defendant, MARIO PERRETTA; and, (4) executing promissory notes from M & M to investors in order to purport to demonstrate that monies were invested in M & M, when, in fact, a great sum of the funds were used for defendant, MARIO PERRETTA's, personal benefit and constituted taxable income to defendant, MARIO PERRETTA.

All in violation of 26 U.S.C. § 7201

## COUNT 10

During the calendar year 2009, defendant, MARIO PERRETTA, a resident of Cranston, Rhode Island had and received taxable income in the sum of approximately $431,442. Upon that taxable income there was owing to the United States of America an income tax of approximately $121,859. Well knowing and believing the foregoing facts, and failing to make an income tax return on or before April 15, 2010 as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, defendant, MARIO PERRETTA, in the District of Rhode Island did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2009 by: (1) causing certain investors in M & M to provide him with cash as a form of investment in M & M; (2) cashing checks from investors that were payable to M & M; (3) inducing third parties to cash checks from M & M payable to the third parties and providing the cash to defendant, MARIO PERRETTA; and, (4) executing promissory notes from M & M to investors in order to purport to demonstrate that monies were invested in M & M, when, in fact, a great sum of the funds were used for defendant, MARIO PERRETTA's, personal benefit and constituted taxable income to defendant, MARIO PERRETTA.

All in violation of 26 U.S.C. § 7201

PETER F. NERONHA
United States Attorney

By: _____
LUIS M. MATOS
Assistant U.S. Attorney

_____
ADI GOLDSTEIN
Deputy Chief
Criminal Division

11/21/11
Date: